NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—February, 1883.

TRASK v. ANNETT.

*In the matter of the estate of* STEPHEN C. BURDETT, *deceased.*

Where two sureties are required by law, to a bond, it is necessary, under Code Civ. Pro., §§ 812 and 813, that, unless each justifies in the full penalty, there should be two sets of justifications, each in such penalty; that is, the penalty must be twice made up, either (1) by two persons, each fully qualified, or (2) by one such person and two or more persons else, unitedly sufficient, or (3) by two distinct sets of persons, each set being unitedly worth the full penalty.

A testamentary trustee, having been required to give security for the due administration of the trust, by a bond in a penalty of $95,000, with two sureties, one of whom justified in a sum greater than the penalty, while the other fell far short of the statutory standard, it was contended

that the deficiency in the justification of one was supplied by the excess in that of the other.—

*Held*, that the bond was insufficient, and that the second surety must be replaced by one capable of justifying in $95,000, or by two or more, each worth at least ten thousand dollars, and capable together of justifying in $95,000.

OBJECTIONS by Caroline A. Trask, one of the distributees of decedent's estate, to the sufficiency of the bond of Mary C. B. Annett, a testamentary trustee under his will. The facts appear sufficiently in the opinion.

DE WITT C. BROWN, *for objector.*

JAMES MATTHEWS, *for executrix and trustee.*

THE SURROGATE.—Mrs. Annett, the executrix and trustee of this estate, a non-resident, was, because of such non-residence, required, in November last, by an order of this court, to give, within ten days, security for her administration, in the sum of $95,000, by a bond with two sureties. Before the expiration of the ten days, she filed such bond in the office of the Surrogate. A time was fixed for the justification of sureties, and, after several adjournments, the examination as to their sufficiency took place. It is now claimed, and justly, as I believe, that such examination has shown the bond to be insufficient. The authority of the court to exact security, in a case like the present, is derived from section 2815 of the Code of Civil Procedure. By section 2816, it is required that such security must be "a bond to the same effect and in the same form as an executor's bond."

Section 2645 provides that "an executor from whom a bond is required must qualify as prescribed by law with respect to an administrator upon the estate of an intestate."

Section 2667 declares that "a person appointed an administrator must; before letters are issued to him  .  .  . execute  .  .  .  and file the  .  .  .  .  bond of himself *and two or more sureties* in a penalty  .  .  .  not less," etc.

By section 812, "a bond  .  .  .  executed by  .  .  . sureties must, where two or more persons execute it, be joint and several in form and  .  .  .  .  .  must be accompanied with the affidavit of *each surety,* to the effect that he is a resident of, and a householder or freeholder within, the state, and is *worth the penalty of the bond* over all debts," etc.  To the rule established in this section, certain exceptions are provided  in section 813, under whose shelter falls the case now under discussion.

"Where the penalty of the bond," says section 813, ".  .  .  .  is $20,000 or upwards, the court  .  .  . may, in its discretion, allow the sum, in which a surety is required to justify, to be made up by the justification of two or more sureties, each in a smaller sum.  But, in that case, a surety cannot justify in a sum less than $10,000; and, where two or more sureties are required by law to justify, the same persons cannot so contribute to make up the sum for more than one of them."

Now, in the present case, one of the sureties (Mr. Weed) justifies in a sum more than sufficient to meet the requirements of the statute; the other (Mrs. Hyatt) falls far short of the statutory standard.  It is claimed, by counsel for the executrix and trustee, that the deficiency in one of the justifications can, under section 813, be supplied by the excess in the other; and that, in the course of the administration of this estate, such a con-

struction of that section has been sanctioned by the Surrogate.

I cannot so interpret the statute.  Where two sureties are required by law, unless each of them justifies in the full penalty of the bond, there must be two sets of justifications, so to speak, in such full penalty.

The penalty, in other words, must be twice made up, *i. e.* (a) by two persons, each of whom is fully qualified, or (b) by one person who is sufficient by himself, and two or more persons else, who are unitedly sufficient, or (c) by two distinct sets of persons, each of which sets is worth, in combination, the full penalty of the bond.

And this eking out of insufficient justification is allowed only when such penalty is as much as $20,000, and only by such sureties as can justify in as much as $10,000.

I hold, therefore, that, to perfect this bond, there must be supplied, in place of Mrs. Hyatt, and in addition to Mr. Weed, one surety who can justify in $95,000, or two or more sureties who can, in combination, justify in that sum, each of whom must be worth above his debts, etc., at least $10,000.

An order may be entered revoking the letters unless the trustee complies with this direction.